James F. Sullivan (JS 3099)
Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:  (212) 374-0009
F:  (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE QUIZHPI,
on behalf of himself and similarly situated individuals,

                Plaintiff,

-against-

TDL CONSTRUCTION INC.,
and DANIEL TSANQ,

                Defendants.

CASE NO.

**COMPLAINT**

ECF Case,

---

    Plaintiff, JOSE QUIZHPI, on behalf of himself and similarly situated individuals, by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., hereby files this Complaint against Defendants, TDL CONSTRUCTION INC., and DANIEL TSANQ, (collectively "the Defendants"), and states as follows:

### INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the

overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendants: (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, JOSE QUIZHPI, is an adult resident of Queens, New York.

6. Upon information and belief, Defendant, TDL CONSTRUCTION INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 61 CHRYSTIE ST GROUND FLOOR NEW YORK, NEW YORK, 10002.

7. Upon information and belief, Defendant, DANIEL TSANQ , is an owner, officer, director and/or managing agent of Defendant, TDL CONSTRUCTION INC., who maintains a business address of 61 CHRYSTIE ST GROUND FLOOR NEW YORK, NEW YORK, 10002, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d)

and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendant.

8. At all relevant times, corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff and similarly situated individuals was directly essential to the business operated by Defendants.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11. From in or about December, 2016 to in or about June, 2017, Plaintiff, JOSE QUIZHPI, was hired by Defendants as a mechanic.

12. Upon information and belief, during his employment by Defendants, Plaintiff, JOSE QUIZHPI, worked approximately fifty-three (53) hours per week comprising of a five (5) day work week with a work shift generally lasting from 7:00 a.m. to 5:30 p.m.

13. However, during a two (2) month period of employment, Plaintiff, JOSE QUIZHPI's, work shift comprised of a five (5) day work week with a work shift general lasting from 7:00 a.m. to 8:00 p.m.

14. Plaintiff, JOSE QUIZHPI, was paid an hourly rate of $20.00.

15. Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiff or similarly situated individuals.

16. Defendant, DANIEL TSANQ, is an individual who, upon information and belief, owns the stock of corporate Defendant, owns corporate Defendant, and manages and makes all

business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

17. Defendant, DANIEL TSANQ, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that DANIEL TSANQ has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

18. Plaintiff and similarly situated employees were not properly compensated wages at the overtime wage rate.

19. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and similarly situated employees wages for the hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

20. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

21. Defendants did not provide Plaintiff and similarly situated employees with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

22. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in week.

23. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

24. Plaintiff and similarly situated employees have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT 1

### [Violation of the Fair Labor Standards Act]

25. Plaintiff and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "24" of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and similarly situated employees are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27. At all relevant times, Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

29. Plaintiff and similarly situated employees are entitled to be paid for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

30. Defendants failed to pay Plaintiff and similarly situated employees' compensation in the lawful amount for all hours worked over forty (40) hours in week as provided for in the FLSA.

31. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated employees for all hours worked over forty (40) hours in week in a work week at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

32. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated employees for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a minimum wage and overtime rate would financially injure Plaintiff and similarly situated employees.

33. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

34. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated employees and the actual compensation paid to Plaintiff and similarly situated employees are in the possession and custody of the Defendants. Plaintiff and similarly situated employees intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendants failed to properly disclose or apprise Plaintiff and similarly situated employees of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and similarly situated employees are entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and similarly situated employees suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

38. Plaintiff and similarly situated employees are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

**[Violation of the New York Labor Laws]**

39. Plaintiff and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "38" of this Complaint as if fully set forth herein.

40. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff and similarly situated employees.

41. Defendants, pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff and similarly situated employees for all hours worked over forty (40) hours in week.

42. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in week at the overtime wage rate, Defendants violated Plaintiff and similarly situated employees' statutory rights under the NYLL.

43. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

44. Therefore, Defendants knowingly and willfully violated Plaintiff and similarly situated employees' rights by failing to pay Plaintiff and similarly situated employees compensation for all hours worked over forty (40) hours in week in a work week at the overtime wage rate.

45. Due to the Defendants' NYLL violations, Plaintiff and similarly situated employees are entitled to recover from Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198. Plaintiff and similarly situated employees also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Failure to provide a Wage Notice]

46. Plaintiff and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

48. Defendants have willfully failed to supply Plaintiff and similarly situated employees with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

49. Through their knowing or intentional failure to provide the Plaintiff and similarly situated employees with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

50. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated employees are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated employees with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

**[Failure to provide Wage Statements]**

51. Plaintiff and similarly situated employees re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. Defendants have willfully failed to supply Plaintiff and similarly situated employees with an accurate wage statement, as required by NYLL, § 195(3).

53. Through their knowing or intentional failure to provide the Plaintiff and similarly situated employees with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

54. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated employees are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated employees with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated employees request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the overtime wage rate, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
April 24, 2018

Respectfully submitted

By: /s/ James F. Sullivan
James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiff*
Jsullivan@jfslaw.net